UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
LOCAL 2006, RETAIL, WHOLESALE &                                   :
DEPARTMENT STORE UNION, UNITED FOOD AND                           :   16 Civ. 624 (PAE)
COMMERCIAL WORKERS,                                               :
                                                                  :   OPINION & ORDER
                            Petitioner,                           :
                                                                  :
         -v-                                                      :
                                                                  :
BASIC WEAR, INC., UNDERGROUND CULTURE,                            :
INC. d/b/a BOYS AND CHICKS, STREET WEAR 18                        :
INC., FASHION PLACE, INC., LEATHER CAVES,                         :
INC., X-TREEM VIBE, INC. d/b/a SLOPPY JOE DIRTY                   :
JANE, YELLOW RAT BASTARD, collectively known as                   :
"YELLOW RAT BASTARD,"                                             :
                                                                  :
                            Respondents.                          :
                                                                  :
------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On January 28, 2016, petitioner Local 2006, Retail, Wholesale & Department Store Union, United Food and Commercial Workers (the "Union") moved for summary judgment against respondents Basic Wear, Inc., Underground Culture, Inc. d/b/a Boys and Chicks, Street Wear 18, Inc., Fashion Place, Inc., Leather Caves, Inc., X-Treem Vibe, Inc. d/b/a Sloppy Joe Dirty Jane, and Yellow Rat Bastard (collectively, "Yellow Rat Bastard"). Dkt. 1. The Union sought confirmation of an arbitrator's February 7, 2015 default award, Dkt. 1, Ex. B ("Award"), awarding the Union dues that Yellow Rat Bastard had withheld and wrongfully retained. The Union also sought interest plus attorney's fees and costs incurred during this proceeding.

On November 4, 2013, after granting a request for an extension, Dkt. 19, the Court directed Yellow Rat Bastard to file any opposition by June 6, 2016, Dkt. 22. To date, it has not done so. For the following reasons, the Court grants the motion for summary judgment.

1

I.    Background[1]

   A.    The Parties

Yellow Rat Bastard, a clothing retailer, at all relevant times had stores throughout New York City. It is an employer in an industry affecting commerce within the meaning of Section 2(2) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 152(2). Pet. ¶ 9. The Union is the collective bargaining representative of certain Yellow Rat Bastard employees. As such, it is "a voluntary association and labor organization," as defined by Section 2(5) of the LMRA. *Id.* ¶ 8. At all relevant times, Yellow Rat Bastard was a party to a collective bargaining agreement (the "CBA") with the Union. *Id.* ¶ 10; *see also id.*, Ex. A ("CBA").

   B.    The Collective Bargaining Agreement

In the CBA, Yellow Rat Bastard recognized the Union "as the exclusive representative of all full time and part time employees performing [specified work] in all its current locations and any future locations within the boundaries of the City of New York." CBA Art. 1(a).

The CBA required Yellow Rat Bastard to, "[u]pon receipt of a written [and unrevoked] authorization from an employee[,] . . . deduct from the employee's wages a regular share of the monthly union dues." CBA Art. 3(b). The CBA required Yellow Rat Bastard then to "remit to the Union each month the dues collected." *Id.*

Yellow Rat Bastard did not, however, remit to the Union dues deducted from the pay of covered employees between July 1, 2013 and December 31, 2013; and October 1, 2014 through January 31, 2015. Pet. ¶ 14. The Union, claiming a breach of the CBA, demanded remittance of the dues deducted during these periods. Yellow Rat Bastard did not comply. *Id.* ¶¶ 15–16.

---

[1] The following undisputed facts are derived from the Petition, Dkt. 1 ("Pet.") and the exhibits attached thereto.

At that point, the Union invoked the CBA's arbitration clause and submitted the dispute to arbitration. *Id.* ¶ 17; *see also* CBA Art. 10(a) ("If no satisfactory resolution of [a] grievance has been reached . . . either party to this agreement may . . . submit a demand for arbitration to the other party . . . ."); CBA Art. 10(c) ("The decision of the Arbitrator shall be final and binding upon the parties to the arbitration.").

### C. The Arbitration Award

The dispute was submitted to Roger E. Maher, an approved arbitrator listed in the CBA. *See* CBA Art. 10(a). The Union sent Yellow Rat Bastard a notice of its intention to arbitrate. *Id.* ¶ 17. Arbitrator Maher initially scheduled the arbitration hearing for November 5, 2014, but ultimately rescheduled it for February 4, 2015. *Id.* ¶ 18. Yellow Rat Bastard was served with a notices of the adjournment and the rescheduled hearing date. *Id.*

On February 4, 2015, the date of the hearing, the Union appeared but Yellow Rat Bastard did not. Award at 1; Pet. ¶ 20. Maher found Yellow Rat Bastard in default and heard testimony and took evidence on the Union's claims. Award at 3.

On February 7, 2015, Maher issued the Award. He held that the CBA had become effective on May 1, 2012. *Id.* at 1. He further ruled that, based on the Union's "substantial and credible evidence," Yellow Rat Bastard was "delinquent in payment of Local Union Dues owed to [the Union] on behalf of bargaining unit employees." *Id.* at 4. Maher determined that Yellow Rat Bastard owed the Union a total of $9,538.90, consisting of: (1) unpaid dues of $6,160.42; (2) attorney's fees of $500; (3) liquidated damages of $1,232.08; (4) interest at 4%, totaling $246.40; (5) court costs of $400.00; and (6) an arbitrator's fee of $1,000. *Id.*

To date, Yellow Rat Bastard has paid only $5,495.68 towards the Award. *Id.* ¶ 23. The additional $4,043.22 remains outstanding. *Id.* ¶ 24. Yellow Rat Bastard has not applied to correct, vacate, or modify the Award. *Id.* ¶ 25.

### D. This Action

On January 28, 2016, the Union filed a petition in this Court to confirm the Award, along with attached exhibits, Dkt. 1, and properly served Yellow Rat Bastard, Dkt. 3. Yellow Rat Bastard's opposition was due June 6, 2016. *See* Dkt. 22. Yellow Rat Bastard has not filed a notice of appearance in the case or opposed the petition.

## II. Applicable Legal Standard

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, provides a "streamlined" process for a party seeking a "judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Hall St. Assocs. L.L.C. v. Mattell, Inc.*, 552 U.S. 576, 582 (2008). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). But "[a]rbitration awards are not self-enforcing." *Hoeft v. MVL Grp., Inc.*, 343 F.3d 57, 63 (2d Cir. 2003), *overruled on other grounds by Hall St.*, 552 U.S. 576. Rather, "they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair*, 462 F.3d at 104.

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Willemijn Houdstermaatschappij, BV v. Standards*

4

*Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)). "To ensure that the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation are met, arbitration awards are subject to very limited review." *NYKcool A.B. v. Pac. Fruit Inc.*, No. 10 Civ. 3867 (LAK) (AJP), 2010 WL 4812975, at *5 (S.D.N.Y. Nov. 24, 2010) (collecting Second Circuit cases). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union, AFL–CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of a question of material fact. In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008). To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). Only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) ("[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial . . . ."). Similarly, on an unopposed motion for confirmation of an arbitration award,

> a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*."

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

### III. Discussion

#### A. Confirmation of the Arbitration Awards

On the basis of the Award, and on the very limited review that is appropriate, the Court finds that summary judgment is warranted, as the Union has shown there is no material issue of fact in dispute. Arbitrator Maher acted well within the scope of the authority granted him by the parties. *See, e.g.*, CBA Art. 10. He found "substantial and credible evidence" that the CBA required Yellow Rat Bastard to make certain payments to the Union and that Yellow Rat Bastard had failed to do so. Award at 4. From this, the Court concludes that there is at least a "barely colorable justification for the outcome reached." *Landy Michaels Realty Corp.*, 954 F.2d at 797. Accordingly, the Court confirms the Award in favor of the Union, for a total amount of $9,538.90, of which $4,043.22 remains outstanding. *See* Pet. ¶¶ 22–24.

**B.     Interest**

The Union also seeks pre- and post-judgment interest on the outstanding $4,043.22. Pet. at 7.

"New York law provides for prejudgment interest running from the date of an arbitration award until the entry of final judgment." *Finger Lakes Bottling Co. v. Coors Brewing Co.*, 748 F. Supp. 2d 286, 292 (S.D.N.Y. 2010); *see also In re Arbitration Between Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc.*, 420 F.Supp.2d 223, 227 (S.D.N.Y.2005) ("[A]n arbitration award confirmed under the FAA bears interest from the date of the award until judgment confirming it." (citation omitted)). The Court therefore grants the Union pre-judgment interest calculated from the date of the Award until the entry of judgment in this action. In accordance with "the common practice among the courts of this Circuit," the Court "set[s] the interest rate at 9%." *N.Y. City Dist. Council of Carpenters Pension Fund v. E. Millenium Const., Inc.*, No. 03 Civ. 5122 (DAB), 2003 WL 22773355, at *3 (S.D.N.Y. Nov. 21, 2003); *see N.Y. City Dist. Council of Carpenters v. Metro Furniture Servs. LLC*, No. 11 Civ. 7074 (HB), 2012 WL 4492384, at *3 (S.D.N.Y. Sept. 28, 2012) ("[T]he common practice among courts within the Second Circuit is to grant interest at a rate of 9%, the rate of prejudgment interest under New York State law." (internal quotation marks omitted)).

As to post-judgment interest, pursuant to 28 U.S.C. § 1961(a), such interest "shall be allowed on any money judgment in a civil case recovered in a district court, . . . at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." Awards of post-judgment interest under § 1961 are mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases). Arbitration is to be

"docketed as if it was rendered in an action," and "have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13. Accordingly, § 1961 applies to actions to confirm arbitration. *See, e.g.*, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-judgment interest in an arbitration case). The Court therefore also awards interest to accrue from the date judgment is entered until payment is made.

### C. Attorneys' Fees and Costs

The Union also seeks to recover attorneys' fees and costs incurred in the prosecution of the Petition. Pet. at 7. The Union does not identify statutory or contractual authority for such an award. But,

> [p]ursuant to its inherent equitable powers, . . . a court may award attorney's fees when the opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons. As applied to suits for the confirmation and enforcement of arbitration awards, . . . when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.

*Celsus Shipholding Corp. v. Manunggal*, No. 06 Civ. 13598 (DLC), 2008 WL 474148, at *2 (S.D.N.Y. Feb. 21, 2008) (quoting *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)) (internal citations omitted).

Here, Yellow Rat Bastard, without any apparent justification, failed to abide by the Award. It did not even respond to the Petition seeking its confirmation; had Yellow Rat Bastard consented to confirmation, the Union's litigation efforts before this Court would have been much truncated. Accordingly, the Court is prepared to award the Union reasonable attorneys' fees and costs incurred in pursuing this action. However, the Union has not submitted any documentation in support of such an award of fees and costs—indeed, based on the Union's submission, the

Court is unable to determine what amount the Union seeks to recover, let alone the factual basis for such an award. The Court invites counsel for the Union to submit, by January 12, 2017, a proper request for an award of fees and costs. The request must (1) specify all fees and costs for which the Union seeks reimbursement; (2) supply documentation of these fees and costs, including the hours expended on this action, counsel's hourly rate, the tasks performed, and the costs incurred; and (3) be accompanied by a brief memorandum of law explaining why the requested award of fees and costs is reasonable.

## CONCLUSION

For the reasons stated above, the Court confirms the Award in favor of the Union and issues judgment in the amount of $4,043.22, plus pre- and post-judgment interest.

As to the Union's request for attorneys' fees and costs, the Court directs the Union to, by January 12, 2017, submit a revised request, with appropriate specification and documentation as set forth above. The Court will promptly resolve that request. If no such request is filed by that date, the Court will treat the Union as foregoing its request for fees and costs, and close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: December 28, 2016
       New York, New York