USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/9/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

LOCAL 2006, RETAIL, WHOLESALE &
DEPARTMENT STORE UNION, UNITED FOOD AND
COMMERCIAL WORKERS,

                       Petitioner,

              -v-

BASIC WEAR, INC., UNDERGROUND CULTURE,
INC. d/b/a BOYS AND CHICKS, STREET WEAR 18
INC., FASHION PLACE, INC., LEATHER CAVES,
INC., X-TREEM VIBE, INC. d/b/a SLOPPY JOE DIRTY
JANE, YELLOW RAT BASTARD, collectively known as
"YELLOW RAT BASTARD,"

                       Respondents.

------------------------------------------------------------------X

16 Civ. 624 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On January 28, 2016, petitioner Local 2006, Retail, Wholesale & Department Store

Union, United Food and Commercial Workers (the "Union") moved for summary judgment

against respondents Basic Wear, Inc., Underground Culture, Inc. d/b/a Boys and Chicks, Street

Wear 18, Inc., Fashion Place, Inc., Leather Caves, Inc., X-Treem Vibe, Inc. d/b/a Sloppy Joe

Dirty Jane, and Yellow Rat Bastard (collectively, "Yellow Rat Bastard"). Dkt. 1. The Union

sought confirmation of an arbitrator's February 7, 2015 default award, Dkt. 1, Ex. B ("Award"),

awarding the Union dues withheld and wrongfully retained by Yellow Rat Bastard. The Union

also sought attorney's fees and costs.

On December 28, 2016, the Court granted the motion for summary judgment. Dkt. 24.

The Court further stated that it was prepared to award the Union reasonable attorneys' fees and

costs incurred in pursuing this action under the Court's inherent equitable powers, providing that

1

the Union submitted appropriate documentation in support of such an award. *Id.* at 8-9. On

January 12, 2017, the Union filed a motion for attorneys' fees, Dkt. 25, and a supporting

memorandum of law, Dkt. 26.

The Union seeks $17,450.00 in attorneys' fees and $448.49 in costs incurred during this

action. Dkt. 25 at 5. Pursuant to this Court's inherent equitable powers, the Court

> may award attorney's fees when the opposing counsel acts in bad faith,
> vexatiously, wantonly, or for oppressive reasons. As applied to suits for the
> confirmation and enforcement of arbitration awards, . . . when a challenger
> refuses to abide by an arbitrator's decision without justification, attorney's fees
> and costs may properly be awarded.

*Celsus Shipholding Corp. v. Manunggal*, No. 6 Civ. 13598 (DLC), 2008 WL 474148, at *2

(S.D.N.Y. Feb. 21, 2008) (quoting *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v.*

*BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)) (internal citations omitted). Here, as

discussed in the Court's December 28, 2016, opinion and order, an award of attorney's fees and

costs is appropriate in light of Yellow Rat Bastard's failure to abide by the Award and failure to

respond to the Union's petition seeking confirmation of the Award. *See Trustees of New York*

*City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship,*

*Journeyman Retraining Educ. & Indus. Fund v. Premium Sys., Inc.*, No. 12 Civ. 1749 (LAK)

(JLC), 2012 WL 3578849, at *4 (S.D.N.Y. Aug. 20, 2012) ("[A]n award of attorneys' fees is

proper when a party, without justification, fails to abide by an arbitration award."); *N.Y. City*

*Dist. Council of Carpenters Pension Fund v. Brookside Contracting Co.*, No. 7 Civ. 2583

(WHP), 2007 WL 3407065, at *2 (S.D.N.Y. Nov. 14, 2007) ("Failure to appear at arbitration or

the confirmation hearing may result in a grant of attorneys' fees on equitable grounds.").

To support their request for fees and costs, the Union submitted a declaration explaining

the underlying calculations and an invoice detailing the tasks performed and the hours worked by

their counsel. *See* Dkt. 25, Ex. A. The declaration and invoice state that the firm spent $400 for the filing fee to commence this action and $48.49 on overnight mailings, and state that two attorneys—one of counsel and one associate—worked 87.25 hours billed at $200 per hour. Courts in this Circuit have recently found fees at similar rates reasonable. *See, e.g., Alliance Workroom Corp.*, 2013 WL 6498165, at *7; *Dejil Sys., Inc.*, 2012 WL 3744802, at *5 (collecting cases). The Court similarly so finds.

For these reasons, the request for attorney's fees and costs incurred during this proceeding is granted in the amount of $17,450.00 in attorney's fees and $448.49 in costs.

SO ORDERED.

Paul A. Engelmayer
Paul A. Engelmayer
United States District Judge

Dated: May 9, 2017
        New York, New York